Zimmerman, J.,
dissenting. The instant cause was presented to the Court of Appeals de novo and was *564 considered and determined by it on sncb basis. In holding that appellant, W. E. Anderson Sons Company, had not substantiated its claim to injunctive relief and in denying the same, the appellate court, recognizing that the burden of proof rested on the appellant, unanimously found upon the evidence that no conspiracy or combination on the part of appellees herein to commit an evil, malicious or unlawful act was shown; that the picketing complained of was "on the job” where the hauling of materials was being done by appellant; that such picketing was directed against it and its nonunion employees partly at least to induce unionization and did not have as its real design or objective the causing of union men engaged in construction work for the principal contractor and other subcontractors to quit their jobs; and that there was no union rule, written or unwritten, existing in the locality which required union men to stop work because of the existence of picketing of the type here involved.
The Court of Appeals, applying fundamental principles of law to the facts found by it, reached the justifiable conclusion, as the writer believes, that Local Union No. 311, International Brotherhood of Teamsters, Chauffeurs, Stablemen & Helpers of America, acted within its constitutional rights by following the course it did "to express a grievance in a labor matter by publication unattended by violence, coercion, or conduct otherwise unlawful or oppressive”; that, by proceeding in the manner it did, it acted "within that area of free discussion that is guaranteed by the Constitution”; and that, because the picketing conducted against the appellant and its nonunion employees had the effect of causing some union employees voluntarily to stop work, such result was incidental only and did not render such picketing unlawful.
In reversing the judgment of the Court of Appeals, *565 the majority of this court, in my judgment, has interpreted the evidence more favorably to the appellant than is warranted, and by so doing has reached the erroneous conclusion that an unlawful secondary boycott occurred.
The term, “secondary boycott,” is elusive of any concrete definition. In fact, it is so uncertain as to meaning that no attempt was made to use or define it in the Restatement of the Law of Torts. See 4 Restatement of the Law of Torts, 152, Section 801.
However, the writer is convinced that where “peaceful picketing” is carried on within constitutional guaranties to promote the legitimate aims of union labor and is directed primarily and essentially against an employer and his nonunion employees at the very location where they are operating, all as was determined by the Court of Appeals, the fact that incidental harm ensues to others outside the controversy does not constitute a secondary boycott authorizing resort to the drastic remedy of injunction.
The views herein expressed are in line with parts of my dissenting opinion in the case of Crosby v. Rath, 136 Ohio St., 352, 357, 25 N. E. (2d), 934.
Entertaining the opinion that the findings of the Court of Appeals were, under the evidence, justified and that it applied sound and well established principles of law to the facts so found, I would affirm the judgment of such court.